# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

ANDY JONES                                                                  PETITIONER

V.                                                                            NO. 2:05CR070-M-S

UNITED STATES OF AMERICA                                       RESPONDENT

## MEMORANDUM OPINION

Presently before the court is the Petitioner's Motion to Vacate under to 28 U.S.C. § 2255. Having reviewed the petition, the court finds that the matter is untimely.

### A. *Factual Background*

On October 26, 2005, a jury convicted Jones of possession with intent to distribute crack cocaine. Jones was sentenced to 120 months imprisonment. Judgment was entered on March 3, 2006. Jones appealed. His conviction and sentence were affirmed on May 21, 2007. More than four years later, on August 1, 2011, Jones filed this 2255 challenging his conviction.

### B. *Statute of Limitation*

A prisoner incarcerated by order of a federal court has one year to attack the constitutionality of his sentence. 28 U.S.C. § 2255. The statute provides:

> The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

*C. Discussion*

As noted above, the Court of Appeals affirmed Jones' conviction. Jones did not pursue review with the United States Supreme Court. It has been recognized that a conviction becomes final, for purposes of calculating the one-year limitations period, when time expires for filing a petition for certiorari contesting the appellate court's affirmance of conviction. *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d (2003). The *Clay* court held that after a conviction is affirmed by the appellate court, a defendant has 90 days to seek a writ of certiorari. *See* Sup. Ct. R. 13. His conviction, thus, became final upon the expiration of 90 days–the time during which he could have pursued a writ of certiorari.

Jones' conviction was affirmed on May 21, 2007. He had until August 20, 2007 (May 21, 2007 plus 90 days)[1] to seek a writ of certiorari in the United States Supreme Court. For purposes of the statute of limitations, Jones' conviction became final one year later on August 20, 2008. Jones had until August 20, 2008 to timely file his 2255 petition. Jones, however, filed this petition on August 1, 2011–some 1076 days beyond the expiration of the one-year statute of limitations. Therefore, the motion is barred by the one-year statute of limitation unless one of the other three circumstances described in § 2255(f)(2) through (4) is applicable.

Jones, however, does not allege any impediment to submitting the motion or that the Government prevented him from seeking relief. Nor is his motion based on any facts that where not readily apparent at the time he was sentenced. Consequently, the Petitioner's § 2255 motion is untimely.

Rare and exceptional circumstances may nevertheless warrant the application of equitable tolling to an untimely filed habeas petition. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is not available if the petitioner does not act diligently in attempting to meet the

---

[1] May 21, 2007 plus 90 days is August 29, 2007 a Sunday. Under the Rule 6(a)(1)(C), if the last day of the period is a Sunday the period runs until the end of the next day business day. Fed. R. Civ. P.

one-year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Furthermore, ignorance of the law and "garden variety claims of excusable neglect, do not warrant the application of equitable tolling." *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). While not expressly asserted by Jones in his motion, there is no equitable basis for extending the limitations period. Accordingly, Jones' habeas petition is barred by the one-year statute of limitation and the doctrine of equitable tolling will not be used to breath new life into his claims.

### D. Conclusion

The Petitioner has failed to demonstrate that the sentence imposed upon him should be vacated. His petition is untimely and shall be barred by the one-year limitations period provided under 28 U.S.C. § 2255(f). Therefore, for the foregoing reasons, Petitioner's Motion to Vacate Sentence is denied.

A final judgment in accordance with this opinion will be entered.

THIS the 14th day of November, 2011.

                              **/s/ MICHAEL P. MILLS**
                              **CHIEF JUDGE**
                              **UNITED STATES DISTRICT COURT**
                              **NORTHERN DISTRICT OF MISSISSIPPI**